# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MICHAEL EARL SIMMONS,

:

    Petitioner,

Case No. 1:07- cv -675

:    District Judge Michael R. Barrett
  -vs-    Chief Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional
  Institution,

:

    Respondent.

## REPORT AND RECOMMENDATIONS

Petitioner Michael Earl Simmons brought this habeas corpus action under 28 U.S.C. § 2254 to obtain relief from his conviction and sentence in the Hamilton County Common Pleas Court. He pled guilty to four counts of felonious assault, trafficking in cocaine, and carrying a concealed weapon and was sentenced to twenty years imprisonment. He pleads the following two grounds for relief:

> **Ground One:** The court erred in sentenceing [sic] the Petitioner under provisions of Ohio Sentenceing [sic] statute [sic] that is unconstitutional.
>
> **Supporting Facts:** The Ohio Supreme Court and this Court has ruled that the Ohio sentenceing [sic] scheme is unconstitutional.
>
> **Ground Two:** Court erred in overruling motion to withdraw guilty plea.
>
> **Supporting Facts:** Plea was made involuntarily and under extreme duress.

(Petition, Doc. No. 1, at 5-6.)

## Procedural History

Petitioner was indicted by the Hamilton County grand jury on eight counts of felonious assault, seven counts of attempted murder, one count of possession of cocaine, and one count of trafficking in cocaine, with a firearm specification on each of these counts, as well as one count of carrying a concealed weapon, and one count of having a weapon under a disability. (Exhibit 1, Case No. B 0504423.) As part of a plea agreement, Petitioner pled guilty as set forth above. Prior to sentencing, he filed a motion to withdraw his guilty plea, but the motion was denied and he was sentenced to twenty years imprisonment.

On direct appeal to the Hamilton County Court of Appeals, he assigned as error the sentence which was imposed on him and the trial court's refusal to allow him to withdraw his guilty plea. The Court of Appeals, however, affirmed the judgment. Both appellate assignments of error were preserved in appealing to the Ohio Supreme Court, which, however, declined to exercise jurisdiction. The Hamilton County Court of Appeals also denied a motion for reconsideration and Mr. Simmons filed the instant habeas corpus petition. Respondent has filed the Return of Writ ordered by Judge Black (Doc. No. 8) and Petitioner filed a Reply (Doc. No. 11) as allowed by Rule 5(e) of the Rules Governing § 2254 Cases. The case is thus ripe for decision.

## Ground One

Inn Ground One, Petitioner claims that he was sentenced under provisions of the Ohio sentencing statute which are unconstitutional. Although it is not mentioned in his Petition, in the Reply Mr. Simmons argues he was entitled to be sentenced to the "maximum minimum sentence per Ohio Revised Code § 2929.14" in effect at the time he committed the crimes and that the Ohio Supreme Court's "subsequent judicial enlargement" of this statute in *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006), violates "the 14th Amendment of the United States as being ex post facto." (Reply, Doc. No. 11, at 2.)

In *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L. Ed. 2d 403 (2004), the United states Supreme Court decided that any fact which increases a criminal sentence beyond a legislatively-mandated guideline, even if within a statutory maximum for the offense, must be pled as an element in the indictment and proved to the jury beyond a reasonable doubt. Ohio Revised Code § 2929.14 as enacted by the Ohio General Assembly in 1996 contains a requirement that, before an Ohio convicted felon is sentenced to more than the minimum sentence for any crime of which he or she has been convicted, the sentencing judge must make certain findings of fact which will justify the increased sentence. This provision was held to violate the federal Constitution as interpreted in *Blakely* when the Ohio Supreme Court decided *Foster, supra.*

What Petitioner fails to acknowledge, however, is that, under Ohio law as enacted by S.B. 2, no additional fact finding is necessary if there is an agreed sentence. As the Ohio Supreme Court explained in *State v. Porterfield*, 106 Ohio St. 3d 5, 829 N.E.2d 690 (2005): The General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties

agreed that the sentence is appropriate. Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence. The Hamilton County Court of Appeals expressly relied on Ohio Revised Code § 2953.08 in refusing to review the sentence in this case, so it did not render an opinion on the constitutionality of the sentence.

This Court, however, finds no constitutional error in the sentence under *Blakely*. The Supreme Court made it clear in *Blakely* that there was no requirement for a jury trial on any required enhancing facts if the defendant admitted them. Ohio Revised Code § 2953.08 works in much the same way: although an Ohio defendant who agrees to a sentence does not make factual admissions which result in an enhanced sentence, he essentially admits what would be the result of such factual admissions, to wit, the appropriateness of a particular sentence. Because this case involves an agreed sentence, there is no *Blakely* error.

Because the first ground for relief is without merit, the Court need not decide Respondent's claim that this ground for relief is procedurally defaulted or Petitioner's response to that defense. Nor does the Court need to consider Petitioner's claim that the severance remedy adopted by the Ohio Supreme Court in *Foster* is unconstitutionally retroactive (or, as Petitioner puts it, barred by being ex post facto). Petitioner was not sentenced under *Foster* and his first ground for relief is without merit.

**Ground Two**

In his second ground for relief, Petitioner claims he should have been allowed to withdraw his guilty plea because it was involuntary and made under extreme duress.

In defense, Respondent notes that this Court cannot review the state court denial of withdrawal of the guilty plea on grounds of abuse of discretion because that is not a basis for finding the conviction unconstitutional. This is correct. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. §2254(a); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209, 102 S. Ct. 940, 71 L. Ed. 2d 78 (1982), *Barclay v. Florida,* 463 U.S. 939, 103 S. Ct. 3418, 77 L. Ed. 2d 1134 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991).To put the point more precisely, under Ohio law a refusal by a trial judge to allow withdrawal of a guilty plea is reviewed on appeal for abuse of discretion, but whether an Ohio trial judge has abused his or her discretion is a question of state, not federal law. A claim of abuse of discretion by a state court judge is not sufficient to state a constitutional violation. *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995).

Respondent also defends Ground Two on the merits, providing proof from the trial court record that the trial judge carefully inquired of Mr. Simmons to insure that he knew what he was pleading guilty to and the consequences of doing so. (See Return of Writ, Doc. No. 8, at 16-18.) By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime. *United States v. Broce*, 488 U.S. 563, 570, 109 S. Ct. 757, 762, 102 L. Ed. 2d 927, 936 (1989); *McCarthy v. United States*, 394 U.S. 459, 466, 89 S. Ct. 1166, 22 L. Ed. 2d 418 (1969). A plea of guilty or no contest is valid if it is entered voluntarily and intelligently, as determined by the totality of the circumstances. *Brady v. United*

*States,* 397 U.S. 742, 748 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242-44, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969); *King v. Dutton*, 17 F.3d 151 (6th Cir. 1994); *Riggins v. McMackin*, 935 F.2d 790, 795 (6th Cir. 1991); *Berry v. Mintzes,* 726 F.2d 1142, 1146 (6th Cir. 1984). A state court finding that the plea was proper is accorded a presumption of correctness, unless the transcript of the plea proceeding is inadequate to demonstrate that the plea was voluntary, intelligent and knowing. *Stumpff v. Mitchell,* 372 F.3d 821 (6th Cir. 2004), citing *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993); *Dunn v. Simmons*, 877 F.2d 1275, 1277 (6th Cir. 1989), *overruled on other grounds by Parke v. Raley*, 506 U.S. 20 (1992).

While Petitioner states in his Petition that his guilty plea was involuntary because based on extreme duress, he does not assert any facts to back up this claim. Indeed, his whole Reply on Ground Two reads as if that were a claim of ineffective assistance of counsel, which it is not. The second ground for relief is also without merit.

**Conclusion**

Based on the above analysis, the Petition herein should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

October 24, 2008.

                s/ **Michael R. Merz**
                Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\Documents\Simmons Habeas R&R.wpd